Good morning. May it please the court, counsel. My name is Lorna Jorgensen, and I'm here on behalf of Appellant Deputy Sheriff Martin Marquardt. And I intend to keep two minutes for rebuttal. The qualified immunity inquiry before the court today is whether every reasonable jail detention deputy who faced the specific facts that Deputy Marquardt faced on August 7 of 2013 would have known that under clearly established law, he could not use force to use force on Mr. Fletcher to come forward with some clearly, some Supreme Court or some Ninth Circuit law that clearly establishes that he could not use force on Mr. Fletcher. So we have plenty of cases saying that you can't, it's clearly established that an officer in that situation can't use force and strike blows on a prisoner who isn't resisting or isn't doing anything. And so taking the facts in the light most favorable to Mr. Fletcher and a large portion of the activity is off the screen, you can't see it on the video, he says essentially he was yelling, but he wasn't resisting. So that's certainly clearly established. Do you disagree with that? I disagree with the facts as they've been portrayed. Okay, but we can't look at the facts, right? We're not weighing facts on this appeal from a summary judgment motion. Your Honor, I realize we're not weighing the facts, but I'm looking at whether the facts are actually disputed. And if you look at the deposition transcript that Deputy Marquardt submitted as part of his summary judgment motion, he says specifically, did Deputy Marquardt at some point tell you to turn and face the wall before you went to the ground? You're talking about Mr. Fletcher's testimony? Mr. Fletcher's deposition. Uh-huh. He said, did I what? Were you at some point turned to face the wall? I don't remember. You don't remember that? No. So then he goes on to say, so there was no instructions to face the wall that you recall? No. And did he attempt to face you towards the wall that you recall? Answer, no. Recall. I think that's in line with the prior questions. Did you remember that? He says no. And his lack of remembrance does not create a disputed fact. Deputy Marquardt's declaration or affidavit, Deputy Losh's affidavit, the police expert's affidavit. None of that information was disputed by Mr. Fletcher. I thought the second deputy didn't arrive until he was already on the floor. Your Honor, that's correct. He arrived just as Deputy Marquardt was getting the second. He saw him deliver the strike and then saw him get the other hand in the handcuffs. But he was not there for this interaction in the cell. I have a question about ER 124. This is, I think, a response to the internal grievance that was prepared, counsel. And it says, Mr. Fletcher, I reviewed the incident between you and Deputy Marquardt. In the videos, I watch as Deputy Marquardt gives you lawful orders to turn and face the wall by pointing in that direction. My first question is, I think we don't have any audio. Is that right? Correct. Okay. And then my second question is, I watched the two videos that I had available, and I cannot see anybody pointing in a direction of the wall. Is there a video I'm missing? Your Honor, I don't think you're missing a video. Well, I don't know how to explain this statement. Can you? I would explain it looking at the declaration of the police safety expert. He said that he was able to look at the video frame by frame, and he was able to distinguish that the video corroborated what Deputy Marquardt stated in his declaration. But this person, answered by staff member, it says I-V-I-E. That's not the expert, is it? No, he's not. And this says, I watch as Deputy Marquardt gives you orders to turn and face the wall by pointing in that direction. So I'm at a loss. So perhaps Deputy Ivey also looked at the video frame by frame. If you slow it down enough, you can actually see it frame by frame. Have you done that? Your Honor, I have not. Okay. Well, for what it's worth, I just want to give you a fair opportunity to respond, because I watched it every way I knew to watch it, and I could not see that action. So thank you for that. But, Your Honor, I still don't think that makes it a disputed fact, because you have Mr. Fletcher saying he doesn't remember. Deputy Marquardt does remember exactly what happened. And I don't think a lack of remembrance creates a disputed fact that denies summary judgment. We came forward with affidavits, the videos, a police expert. Mr. Fletcher came forward with nothing. The police expert that you're talking about, the person who describes this video encounter differently? He's the one who testifies that he looked at it frame by frame. Okay. Forgive me. And this is captured on two different videos? Am I missing a video? How many videos do we have? There are two videos. And that's it? Yes. All right. So isn't that an issue for the jury? I mean, potentially the jury can weigh the video, the expert's testimony, Mr. Fletcher's testimony that he was doing nothing, and Mr. Marquardt just jumped on him and reached a decision. But taking all of the facts in the light and the inferences in the light most favorable to Mr. Fletcher, how could we say that he was resisting when he claims that he was not? Well, actually, Mr. Fletcher claims that he doesn't remember. No. You have to read his whole deposition in context, and he says, I was doing nothing, I didn't provoke him, I was just standing there, he was angry at me from some prior encounter, he jumped on me. Now, you can parse the words, but it's very clear what the import of his testimony is. Well, I think you also have to remember that that deposition was put into evidence by Martin Marquardt. It wasn't put into evidence by Mr. Fletcher. Okay. But forgive me, and we conclude what from that? Well, I would conclude that when we put it forward as evidence, we didn't think there was anything in the deposition that created a disputed fact. Sure, I accept that, but I don't know what answer you've got to Judge Ikuda's question. When you look at the inferences, I don't think you infer everything against Deputy Marquardt. Deputy Marquardt's affidavit has not been disputed. Deputy Loesch's affidavit has not been disputed. The jail expert's affidavit has not been disputed. So it seems that Mr. Fletcher is asking us to totally ignore everything that was put into the record. Can I ask you about the other folks other than the two men who were in the jail cell at the time? You seem to be relying on those, that testimony, and they weren't there at the critical moment. So how does that help us with our inquiry today? Well, I think Deputy Loesch talks about the circumstances that Deputy Marquardt was facing. There are two unarmed deputies with 40 inmates milling about, and he's setting the context. Okay. Do you want to save the rest of your time? Yes. Good morning, Your Honors, and may it please the Court. Sarah Peterson on behalf of Plaintiff Appley William Fletcher. This Court should reject Marquardt's appeal, first because the Court lacks jurisdiction to entertain it, as Marquardt has argued it, and second because even if the Court decides to reach the merits, the record evidence would support a finding that Deputy Marquardt violated Fletcher's clearly established constitutional rights. Turning to the jurisdictional issue first, the District Court here ruled that there were disputed issues of material fact presented in the record, and this Court has held in the Eng v. Cooley case, the George v. Morris case, and most recently in the Foster v. City of Indio case that was the subject of our 28-J letter, that the Court lacks jurisdiction to entertain a challenge to the District Court's ruling that the record presents genuine issues of fact. So we can't weigh the facts, but we can certainly say even if we took all of the facts in the light most favorable to Mr. Fletcher, the defendant is entitled to qualified immunity. So as I understand Mr. Marquardt's argument, he says the fact that he attempted to, that he instructed Mr. Fletcher to face the wall and then turned him to face the wall is undisputed because all Mr. Fletcher says is, I don't recall that. What's your response to that? Your Honor, our first response is that those are challenges to the District Court's ruling that there are disputes of fact in the record, and therefore this Court can't even hear those arguments. So are you suggesting that whenever a District Court denies summary judgment, we lack jurisdiction to hear an appeal? No, Your Honor. Well, then what is it? Because the District Court said there are genuine issues of material fact, which is what the District Court has to rule in order to deny a summary judgment motion. So why do we lack jurisdiction? The Court has jurisdiction to entertain what the Supreme Court has called pure questions of law, and this is in the Johnson v. Jones case that is cited in the Foster case and the George case. In that case, the Supreme Court distinguished pure questions of law, which are the questions of whether a constitutional right was violated and whether that right was clearly established at the time of the incident. The Court has jurisdiction to entertain those questions. So even when the District Court finds there's a genuine issue of material fact, we can address those legal questions based on the undisputed facts in the record? Yes, Your Honor. So the question here, then, is whether Mr. Marquardt's facts are undisputed. That's what the claim is from opposing counsel. And the District Court below rejected the argument that Mr. Marquardt's facts were undisputed. What we're asking you is, on the one hand, the deputy has his version of what was said, and on the other hand, there's a witness. The opposing counsel's argument is that your client says he doesn't know or doesn't remember. And so does that create a genuine issue of material fact? Her position is that it does not. Our position is that on the merits, it certainly does, and the District Court correctly ruled that it does create a genuine issue of fact. And our position is that that determination is unrevealable so that— Could you just tell us why do you think that is, please? You're telling us the conclusions, but could you tell us why you think that is? Why is she wrong in saying that this is undisputed? There is substantial testimony from Mr. Fletcher contesting Marquardt's assertion that there was an instruction to face the wall. So if this Court turns to ER 205, in addition to the testimony that the Court covered with opposing counsel, there's a question, did he give you any instructions when you went into the cell? Answer, no. I didn't hear no instruction. I know he grabbed my shoulder, told me to go into the cell, asked me why I had an attitude, and the next thing I know, I was on the ground. So that's a direct—that's Fletcher directly testifying that there was no instruction. He answered no to the question, was there an instruction? So it's not—the testimony is not that he doesn't remember whether there's an instruction. But isn't it fair reading that his testimony is, no, I didn't hear no instruction? I mean, I understand the Marquardt's position to be, he said to face the wall? That's not entirely inconsistent with Marquardt saying, or Fletcher saying, I didn't hear nothing. A similar issue was taken up, actually, in the Foster case. The question was whether the plaintiff's testimony that he didn't see a gun was sufficient to create a dispute of fact with the officer's testimony that the plaintiff had a gun. And the Court said that that's a disputed issue of fact, and we lack jurisdiction to entertain the challenge to that conclusion by the District Court. So I think analogously in this case, not hearing an instruction is the same as not testifying that you hadn't seen a gun and is sufficient to create a dispute of fact there. In addition, at ER 208, the question is, anything else said by you or him? So this is after Marquardt's counsel covers all of Fletcher's testimony as to what happened. He asks a catch-all question, anything else said by you or him referring to Marquardt? Answer, no. I was just yelling for help, telling him I was going to sue him and he's going to lose his job. But those comments, to the extent they're comments, he's hollering, that's after the fact that what we're talking about, which is, was there an instruction to turn to the wall, right? All of that happens later. Yes, Your Honor. Yes, Your Honor. But it's just further testimony that he had told opposing counsel everything that was said in the cell, and it didn't include an instruction to face the wall. I would also note that counsel in the District Court below did not dispute, actually conceded that the instruction issue was disputed, so this is at ER 76. That's counsel's reply brief to the District Court, and counsel concedes that the instruction issue is disputed there. And you said the District Court expressly ruled on the instruction issue? Not expressly. What the District Court did is it set out Fletcher's version of the facts, Marquardt's version of the facts, and said that these parties' accounts of the incident diverge in nearly every respect. It's a classic he-said-he-said situation of opposing narratives that are incapable of resolution. So, and Marquardt presented, other than the instruction issue, presented the same arguments that he presents to this court. The District Court did not adopt any of those arguments, said that these narratives are incapable of resolution. And so I think the only reasonable reading of the District Court's order is that it found a dispute of fact on all of the key issues here. Can I give a citation? I think I've misunderstood you. I thought you said 76 for the citation to a concession by opposing counsel in the District Court. Did you mean the deposition testimony at 76, or did you mean the ER site 76? It should be ER 76. This is a reply brief. The statement in the reply brief is... I just want to make sure opposing counsel has an opportunity to respond as well, and I'm having trouble finding it, but that might be because I'm looking in the wrong place. I can read it for the court. The sentence is, in his affidavit, Deputy Marquardt states that he instructed Fletcher to turn and face the cell wall once he decided to secure Fletcher to move him to a holder cell to cool off. Fletcher contends that Deputy Marquardt never gave him an order to turn and face the wall. While Deputy Marquardt acknowledges that the court must view this factual discrepancy in the light most favorable to Fletcher, it is not dispositive. Okay, I'm now looking at ER 76, not deposition page 76. Is it the top part of the page? It's under B1, that first paragraph under B1. I see it finally, finally. Okay, forgive me. Can you tell me what's the effect of the argument that Mr. Fletcher didn't have any evidence of injury after this event? We dispute that argument. Under the Wilkins case, there's no longer a de minimis injury test. Fletcher testified to his injuries, which include migraine headaches, bruising, pain, back pain, wrist pain, chest pain, a chest contusion. And that is all sufficient under Wilkins v. Gatti, which is the Supreme Court case from 2010. And also, in line with the facts of the Felix v. McCarthy case out of this court, in which the court found sufficient to state an excessive force claim where the injury was soreness, bruising, and emotional distress. So under those facts. A de minimis is your position? No, Your Honor. The de minimis test no longer applies. We think we have more than sufficient evidence in the record of Fletcher's injuries to go forward to trial on his claim. Can I just quickly ask, is it correct that there's no audio and just the two video views that we've got? That's correct, Your Honor. Thank you. Thank you. Okay, you have a few minutes left for rebuttal. Your Honor, the district court did not state what the disputed facts are and did not conduct an analysis of qualified immunity. That's a requirement. So Deputy Sheriff Marquardt was left with not knowing what facts the court actually considered disputed and why he was denied qualified immunity. And that's why we're here before this honorable court today, is to have you look at the undisputed facts in the record and make an analysis of qualified immunity, because that's a legal determination for this court to make. And under the facts that Deputy Marquardt faced that day, he was in jail. He had 40 inmates milling around. He was unarmed. He perceived a threat from Mr. Fletcher. Gave him instructions so he could handcuff him, take him to a holding cell. He did not comply with those instructions. He's in a jail. Now, as to were there any injuries, no, there weren't. If you examine the affidavits of all the medical professionals, yes, they reported what Mr. Fletcher said to them. But objectively, did they see any injuries? The answer is no. And they saw him on multiple occasions, including right after the incident. So when you look at the undisputed facts, Deputy Marquardt is entitled to qualified immunity. There is no clearly established law that would have precluded him from using force to control Mr. Fletcher that day. Thank you for your arguments. I think Fletcher's counsel is on a pro bono program. The court appreciates your assistance. The case of Fletcher v. Marquardt is submitted.
judges: Ikuta, Christen, Freudenthal